This suit is brought to rescind, in part, a certain contract made by the complainant and the defendant on May 25th, 1921, for the purchase of certain machinery.
The complainant is located in the city of Passaic, New Jersey, being engaged in the business of dyeing and finishing wool and wool fabrics. The defendant is also located in the city of Passaic, New Jersey, and is engaged in the business of manufacturing textile machinery.
The agreement for the purchase of machinery is in evidence. At or about the time of this agreement there was purchased in all machinery to the value of $15,165, as appears by the later agreement of November 30th, 1921. All of that machinery has been paid for except the "cross and diagonal brush," which is the particular machine concerning which the complainant complains, and which is the subject-matter of this suit.
The complainant asserts that the cross brush was manufactured and sold by defendant according to their own design, and on the strength of a photograph submitted by the defendant, and upon the strength, too, of the written guarantee of the defendant that the machine would do the work required of it. When installed, however, the machine would not work, and has never worked, although repeated efforts have been made by the defendant to put it into working condition.
The complainant admitted, in its bill of complaint, that it owed to the defendant certain interest items which it had offered to pay the defendant, upon the same being determined. Complainant at that time computed the interest at $873.25, and this amount it still concedes to be due to the defendant.
I am of the opinion that this court has no jurisdiction in this cause, as the complainant has a complete and adequate defense at law in case the defendant should bring an action to recover the purchase price of the cross brush, which the *Page 324 
complainant claims to be faulty, and which will not do the work it was guaranteed to do by the defendant. The complainant rescinded the contract when he found that the machine would not do its work according to the guarantee, although the defendant's men tried in every way to make it work, and, eventually, the complainant called upon the defendant to take the machine back and get it out of complainant's way. The complainant has never paid for the defective machine, but is entirely willing to pay any balance due on account of the other machinery which was purchased from the defendant, and which was, apparently, all right. Up to date, therefore, the complainant does not seem to have been called upon to pay for the machine, nor has he been threatened with suit because of his failure to pay for it. The complainant's position, of course, is that there has been a complete breach of the contract as to this cross brush, and, therefore, a complete failure of consideration.
In my judgment, the rights of the parties should be adjusted by appropriate action at law, because the complainant has not shown any ground for the application of the equitable remedy of rescission. The complainant does not allege that it was induced to enter into the contract by any fraud on the part of the defendant, nor does it allege any mistake which would warrant the court of equity in canceling the instrument. Neither does the complainant allege that the contract, uncanceled, offers any menace to it as a ground for future trouble if it is permitted to remain in force as an outstanding obligation.
I fail to see, therefore, where the complainant has shown any ground for equitable intervention or relief, and I think that the bill should be dismissed for want of equity in the present posture of affairs. In other words, the complainant should wait until he is attacked in the law court, and then plead his defense of failure of consideration and breach of the contract of warranty. The complainant has shown no basis for rescission in equity.
There is a distinction between the purchaser here having rescinded or repudiated the contract when it found that the machine would not work (which the complainant very clearly *Page 325 
did), and "rescission" as an equitable remedy, which the complainant is seeking in this suit. When the party himself "rescinds" or repudiates the contract he merely gives notice by that action to the other party to the contract that he does not propose to be bound by the contract. When, however, the court of equity grants "rescission" or "cancellation" it wipes out the instruments, and renders it as though it did not exist; in effect, it tears up the paper and destroys it.
The complainant in the present case really is asking this court now to exercise this equitable remedy of "rescission," and to tear up and destroy the contract between the parties, so that the defendant cannot hereafter use the document as the basis of any remedy that the defendant may seek to enforce against the complainant. It is this last idea of "rescission" which, I think, the complainant has not shown a right to have invoked in its favor, as above indicated. Incidentally, a court of law has no power in this state to exercise this equitable remedy of "rescission."
A jury, however, in an action at law would have the right to find that the seller of the machine had no cause of action against the purchaser in a suit to recover the purchase price, where there was a complete failure of consideration, and an entire breach of the guaranty regarding the work which the machine was to do.
I will advise a decree accordingly, dismissing the bill of the complainant. *Page 326